UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDGAR YAMIL BLANCO,

        Petitioner,

v.

KIRSTJEN NIELSEN, in her official
capacity as Secretary of the United States
Department of Homeland Security, et al.,

        Respondents.
_____



**DECISION AND ORDER**

1:18-CV-01162 EAW

## **INTRODUCTION**

*Pro se* petitioner Edgar Yamil Blanco ("Petitioner"), an immigration detainee currently detained at the Buffalo Federal Detention Facility in Batavia, New York, seeks a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner argues that his continued detention is unconstitutional and seeks immediate release, or, in the alternative, a bond hearing before an immigration judge. (*Id.* at ¶¶ 4-5; Dkt. 24 at 3-4). Also currently pending before the Court are two motions to dismiss filed by Respondents. (Dkt. 13; Dkt. 19). For the reasons discussed below, Respondents' second motion to dismiss (Dkt. 19) is granted, and the first motion to dismiss (Dkt. 13) is denied as moot.

## BACKGROUND

Petitioner is a native and citizen of India, who was admitted to the United States under the name Sujit Kumar Das in 2013 and 2014 as an R-1 temporary non-immigrant religious worker.[1] (Dkt. 13-1 at ¶ 5; Dkt. 13-2 at 8). Petitioner was first admitted to the United States at Newark, New Jersey on December 6, 2013, under an R-1 visa. (Dkt. 13-1 at ¶ 9; Dkt. 13-2 at 13). He was admitted to the United States a second time on May 5, 2014, after a short trip to Canada, returning to the United States at the Rainbow Bridge Port of Entry, Niagara Falls, New York as a pedestrian. (Dkt. 13-1 at ¶ 9; Dkt. 13-2 at 13). He was authorized to remain in the United States for a temporary period not to exceed December 4, 2016. (Dkt. 13-1 at ¶ 5; Dkt. 13-2 at 8). Petitioner remained in the United States after December 4, 2016, without authorization from the Department of Homeland Security ("DHS"). (Dkt. 13-1 at ¶ 5; Dkt. 13-2 at 8).

On March 24, 2017, Petitioner was refused entry into Canada after a failed refugee claim and returned to the United States at the Rainbow Bridge Port of Entry in Niagara Falls, New York by Canada Border Services Agency ("CBSA") officers. (Dkt. 13-1 at ¶ 6; Dkt. 13-2 at 12, 15). CBSA advised United States Customs and Border Protection ("CBP") that Petitioner had presented a New York State Medicaid Card and New York State Birth

---

[1] An R-1 is a foreign national coming to the United States temporarily to be employed as a minister or in another religious vocation or occupation at least part time. *R-1 Temporary Nonimmigrant Religious Workers*, U.S. Citizenship and Immigration Services (Oct. 22, 2018), https://www.uscis.gov/working-united-states/temporary-workers/r-1-temporary-nonimmigrant-religious-workers.

Certificate in the name of Edgar Yamil Blanco, although his Canadian refusal paperwork listed Petitioner's identity as Sujit Kumar Das. (Dkt. 13-1 at ¶ 6; Dkt. 13-2 at 12, 15).

CBP conducted a secondary record check on Petitioner, which showed an entry in the Department of State's Consular Lookout and Support System from March 13, 2017. (Dkt. 13-1 at ¶ 7; Dkt. 13-2 at 12). The entry stated: "Sujit DAS has assumed two U.S. citizens' identities—Edgar BLANCO . . . and Andrew CHIH. . . . DAS has applied for and received multiple state benefits under the identity Edgar BLANCO. He has also applied for a U.S. Passport under the BLANCO identity. He is the subject of a [Department of State] investigation." (Dkt. 13-2 at 12).

A criminal record search revealed that Petitioner had previously been arrested in New York under the name "Andrew Chih" on June 5, 2015, and charged with assault in the third degree, as well as on July 15, 2015, for criminal possession of marijuana in the fifth degree. (Dkt. 13-1 at ¶ 10; Dkt. 13-2 at 13). Petitioner was also arrested in Pennsylvania on October 18, 2015, under the name "Sujit Das," and charged with false identity to law enforcement authorities and carrying a false identification card. (Dkt. 13-1 at ¶ 10; Dkt. 13-2 at 16). Petitioner pleaded guilty in Northampton County Court of Common Pleas on January 21, 2016, and was sentenced to a term of incarceration of a minimum of 30 days and a maximum of six months. (Dkt. 13-2 at 21). On February 5, 2016, the Court granted reconsideration of the sentence, and Petitioner was released from custody. (*Id.*).

On March 24, 2017, CBP officers conducted a search of Petitioner's fingerprints, during which Petitioner stated his name was Blanco. (Dkt. 13-1 at ¶ 11; Dkt. 13-2 at 13).

Petitioner's fingerprints confirmed his identity as "Sujit Kumar Das." (Dkt. 13-1 at ¶ 11; Dkt. 13-2 at 13). The same day, CBP and Department of State officers conducted an interview of Petitioner, during which Petitioner repeatedly claimed that his true identity was Edgar Blanco. (Dkt. 13-1 at ¶ 12; Dkt. 13-2 at 13). The officers determined that Petitioner falsely claimed to be a citizen of the United States. (Dkt. 13-1 at ¶ 12; Dkt. 13-2 at 13).

Petitioner was placed in DHS custody on March 24, 2017, and served with a Notice to Appear charging him with violations of 8 U.S.C. § 1227(a)(1)(B) for being a non-immigrant who remained in the United States for a time longer than permitted, and pursuant to 8 U.S.C. § 1227(a)(3)(D) as an alien who has falsely represented himself to be a citizen of the United States for any purpose or benefit under the Immigration and Nationality Act ("INA") or federal or state law. (Dkt. 13-2 at 8-10). On March 27, 2017, DHS determined that Petitioner would be detained by DHS pending a final administrative determination of his case, and Petitioner requested a review of this custody determination by an immigration judge. (*Id.* at 6). On August 14, 2017, an immigration judge ("IJ") issued an order stating Petitioner's bond request was withdrawn without prejudice. (*Id.* at 5). On September 20, 2018, an IJ denied Petitioner's applications for relief from removal and ordered him removed from the United States to India. (*Id.* at 3-4).

On October 23, 2018, Petitioner filed an appeal of the IJ's order of removal with the Board of Immigration Appeals ("BIA"). (*Id.* at 2). On March 21, 2019, the BIA dismissed Petitioner's appeal. Resp't Mot. to Expedite, *Das v. Barr*, No. 19-970, Dkt. 32 at 2-3 (2d Cir. June 6, 2019). Petitioner filed a petition for review of the BIA decision and a motion

for stay of removal with the Second Circuit on April 12, 2019. *Id.* at 3. The Second Circuit entered an order temporarily staying Petitioner's removal on June 14, 2019. *Das v. Barr*, No. 19-970, Dkt. 39 (2d Cir. June 14, 2019). On July 22, 2019, the Second Circuit dismissed the petition for review and vacated the temporary stay of Petitioner's removal. *Id.* at Dkt. 46. On September 9, 2019, Immigration and Customs Enforcement ("ICE") received travel documents from the Consulate of India in New York City for Petitioner. (Dkt. 19 at 4).

Petitioner filed the instant Petition on October 22, 2018. After being granted an extension of time within which to file a response in light of the partial government shutdown (Dkt. 11), Respondents filed a motion to dismiss on February 21, 2019 (Dkt. 13). Petitioner responded on March 25, 2019 (Dkt. 16), and Respondents replied on April 1, 2019 (Dkt. 17). Respondents filed a second motion to dismiss on September 9, 2019. (Dkt. 19). Petitioner responded on September 19, 2019 (Dkt. 24; Dkt. 25), and Respondents replied on September 26, 2019 (Dkt. 26).

## DISCUSSION

Petitioner alleges his continued detention violates his due process rights. (Dkt. 1 at 4-5; Dkt. 24 at 3-4).[2] The Court rejects Petitioner's claims for the reasons that follow.

---

[2] Although the Petition itself only alleges a substantive due process violation (*see* Dkt. 1 at 4-5), Petitioner claims in his response papers that he also asserts a procedural due process claim (*see* Dkt. 24 at 3-4). Given that Petitioner is proceeding *pro se*, the Court holds his submissions "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and treats the Petition as alleging both substantive and procedural due process violations.

The federal habeas corpus statute gives district courts jurisdiction to hear immigration-related detention cases. *See* 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 517-18 (2003) (holding federal courts have jurisdiction to review challenges to pre-removal detention); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention" in immigration cases). District courts do not have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal; jurisdiction to review such challenges rests exclusively in circuit courts. *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . which circuit courts alone can consider.").

"The government's power to detain an immigrant must be grounded in a specific provision of the [Immigration and Nationality Act ('INA')]." *Hechavarria v. Sessions*, 891 F.3d 49, 54 (2d Cir. 2018). Section 1231 of the INA addresses detention of "immigrants in the 'removal period,' the term used in the statute to describe the 90–day period following an order of removal during which 'the Attorney General shall remove the alien.'" *Id.* (quoting 8 U.S.C. § 1231(a)(1)(A)). The Supreme Court determined that § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. *Zadvydas* "articulates the outer bounds of the Government's ability to detain aliens . . . without jeopardizing their due process rights.

Under *Zadvydas,* then, detention of an alien 'once removal is no longer reasonably foreseeable' . . . violates the Due Process Clause." *Wang v. Ashcroft,* 320 F.3d 130, 146 (2d Cir. 2003) (quoting *Zadydas,* 533 U.S. at 701).

The removal period begins "on the latest of the following": (1) "[t]he date the order of removal becomes administratively final"; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; and (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B). "After the ninety-day removal period, 'the Government may continue to detain an alien who still remains here or release that alien under supervision.'" *Singh v. Barr,* No. 19-CV-732, 2019 WL 4415152, at *4 (W.D.N.Y. Sept. 16, 2019) (quoting *Hechavarria,* 891 F.3d at 54 (internal quotation omitted)). Detention under § 1231 is "presumptively reasonable" for the first six months, and "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas,* 533 U.S. at 701.

In the instant matter, Petitioner's substantive due process rights have not been violated. Petitioner's removal period under § 1231 began on July 22, 2019, when the Second Circuit issued its order dismissing the petition for review and vacating the temporary stay of Petitioner's removal. *Das v. Barr,* No. 19-970, Dkt. 46 (2d Cir. July 22, 2019). The ninety-day removal period does not expire until on or about October 21, 2019, and the "presumptively reasonable" six-month period of detention will not expire until on

or about January 22, 2020. Additionally, Petitioner's detention of more than two years before the Second Circuit issued its decision was primarily due to Petitioner's appeals of the IJ's removal order, and Petitioner "may not rely on the extra time resulting" from his appeal "to claim that his prolonged detention violates substantive due process." *Doherty v. Thornburgh*, 943 F.2d 204, 211 (2d Cir. 1991); *see Sanusi v. I.N.S.*, 100 F. App'x 49, 51 (2d Cir. 2004) ("[B]ecause the detention has been prolonged primarily by [the petitioner]'s pursuit of final judicial review of his claims, we cannot say that this duration in itself violates due process."). Moreover, the record before the Court does not show there are any institutional bars to Petitioner's removal—ICE received travel documents from the Consulate of India for Petitioner and expects "that Petitioner's removal will be scheduled imminently." (Dkt. 19 at 4). Therefore, Petitioner's continued detention pursuant to § 1231 does not violate his substantive due process rights. *See Wang*, 320 F.3d at 146 ("[Petitioner]'s removal is not merely reasonably foreseeable, it is imminent. Accordingly, [Petitioner]'s continued detention does not violate his right to due process of law.").

Additionally, Petitioner's procedural due process rights have not been violated. Petitioner contends that because he has been in DHS custody since March 24, 2017, he is entitled to another bond hearing. (Dkt. 24 at 8-10). As a preliminary matter, the Court notes that Petitioner had a bond hearing scheduled when detained under § 1226, but he withdrew the request. (Dkt. 13-2 at 5). In any event, Petitioner's removal proceedings are no longer pending, and as a result he is now detained pursuant to 8 U.S.C. § 1231 instead of 8 U.S.C. § 1226. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be

removed from the United States."). "To the extent that [Petitioner] previously may have had a cognizable due process argument under [§ 1226], that claim has been rendered moot." *Wang*, 320 F.3d at 147. While Petitioner may be entitled to a bond hearing after the six-month period of detention under § 1231 has expired, such a claim is premature at this point in time. *See Singh*, 2019 WL 4415152, at *5 (holding petitioner's procedural due process rights were not violated because he had not been detained under § 1231 for 180 days); *Frederick v. Feeley*, No. 19-V-6090-FPG, 2019 WL 1959485, at *4 (W.D.N.Y. May 2, 2019) ("[T]o the extent Petitioner is being held under Section 1231(a)(6), his detention is currently reasonable under *Zadvydas*. His petition is premature."); *McGowan v. Tryon*, No. 14-CV-145-JTC, 2014 WL 2931413, at *4 (W.D.N.Y. June 27, 2014) (same).

For the foregoing reasons, the Court finds Petitioner's substantive and procedural due process rights have not been violated, and grants Respondents' second motion to dismiss the Petition. (Dkt. 19). However, because the Court finds the Petition is premature, the Petition is dismissed without prejudice, with leave to resubmit after the six-month period of detention has expired. *See Singh*, 2019 WL 4415152, at *7 (denying premature petition without prejudice). Additionally, because the Court grants the second motion to dismiss, Respondents' first motion to dismiss (Dkt. 13) is denied as moot.

## CONCLUSION

Respondents' second motion to dismiss (Dkt. 19) is granted, and the Petition (Dkt. 1) is dismissed without prejudice, with leave to resubmit after the six-month period of detention has expired. The first motion to dismiss (Dkt. 13) is denied as moot. The Clerk of Court is instructed to enter judgment in favor of Respondents and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 26, 2019
       Rochester, New York